UNITED STATES of America,
Plaintiff–Appellee

v.

David Eugene THURSBY,
Defendant–Appellant.

No. 12–11233
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

March 26, 2014.

Brian W. Mckay, Esq., Assistant U.S. Attorney, U.S. Attorney's Office, Dallas, TX, for Plaintiff–Appellee.

Jerry Van Beard, Esq., Assistant Federal Public Defender, Charles M. Bleil, Federal Public Defender's Office, Dallas, TX, for Defendant–Appellant.

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM: *

David Eugene Thursby appeals his conviction for being a felon in possession of a

---

published and is not precedent except under

firearm. *See* 18 U.S.C. §§ 922(g)(1), 924(e). Relying on *National Federation of Independent Business v. Sebelius*, ——— U.S. ———, 132 S.Ct. 2566, 183 L.Ed.2d 450 (2012) (*National Federation*), Thursby contends that § 922(g)(1) exceeds Congress's power under the Commerce Clause. He argues that § 922(g)(1) is unconstitutional as applied because his factual resume did not state that his possession of the firearm was an economic activity and failed to reflect that he was engaged in the relevant market at the time of the regulated conduct. Further, he contends that § 922(g)(1) is facially unconstitutional because *National Federation* interpreted the Commerce Clause to mandate that "Congress may regulate only ongoing economic activity," and his possession of a firearm purchased many years ago does not qualify.

In *United States v. Wallace*, 889 F.2d 580, 583 (5th Cir.1989), and decisions following, this court held that § 922(g)(1) was a valid exercise of Congress's authority under the Commerce Clause. *See United States v. Alcantar*, 733 F.3d 143, 145 (5th Cir.2013). *National Federation* did not overrule this court's precedent upholding § 922(g)(1). *Alcantar*, 733 F.3d at 146. Whether this court's review is de novo or for plain error, Thursby's challenge to the constitutionality of § 922(g)(1) is foreclosed. *See Alcantar*, 733 F.3d at 146 & n. 4.

AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.